UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4308

ORVILLE ANTHONY JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-97-160)

Submitted: January 19, 1999

Decided: March 9, 1999

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Melvin J. Radin, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Kevin M. Comstock, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Orville Anthony Jones pled guilty to possession with intent to distribute cocaine base, also known as "crack," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) (1994) and 18 U.S.C. § 2 (1994). Jones appeals from the district court judgment sentencing him to 120 months' imprisonment. His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying downward departure to Jones. Jones filed a pro se supplemental brief asserting that: (1) he received ineffective assistance of counsel; (2) Congress exceeded its authority by setting up a separate punishment for cocaine base; (3) his guilty plea was not knowing or voluntary due to the ineffective assistance of counsel; and (4) he did not knowingly plead guilty to possession of crack cocaine as opposed to powder cocaine.

In 1997, Jones was a passenger in an automobile that was stopped by a Virginia police officer due to speeding and erratic driving. Following a request for permission to search the vehicle, police recovered marijuana from the back seat. After seeing Jones throw something under the police vehicle, police searched and found a bag containing cocaine. Jones was indicted and charged with: (1) interstate travel to facilitate unlawful activity; (2) simple possession of marijuana; and (3) possession with intent to distribute cocaine base.

Jones executed a plea agreement in which he acknowledged that the offense carried a mandatory minimum term of ten years' imprisonment and that the sentence would be imposed in accordance with the United States Sentencing Guidelines and Policy Statements. The agreement waived the right to appeal on any grounds whatever any sentence within the maximum allowed. During a hearing, Jones was fully apprised of the effect of executing the agreement. The court discussed the nature of the charges against Jones, the applicable penalties he faced, and the rights Jones forfeited by virtue of his plea. Jones also heard the Government recite a summation of the facts of the case, including that Jones threw crack cocaine under the police car. Jones agreed that the facts as presented by the Government were true.

At sentencing, Jones requested a downward departure based upon alleged overstatement of his criminal history and because he was subject to deportation following the completion of his sentence. The district court determined that Jones' criminal history was not overstated. The court did not state whether it considered the probability that Jones would be deported following his release. Jones received a 120 month sentence.

A waiver of appeal provision in a valid plea agreement is enforceable if it is the result of a knowing and intelligent decision to relinquish the right to appeal. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). However, waiver of appeal may not be enforced when the defendant asserts ineffectiveness of counsel during the guilty plea. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993).

Jones argues in his pro se brief that his guilty plea was not knowing or voluntary because he received ineffective assistance of counsel. Jones asserts that his attorney failed to argue that under 21 U.S.C. § 841(b)(1)(C), no minimum sentence is required for possession of cocaine with intent to distribute. In addition, Jones asserts that counsel failed to object to the court's characterization of the cocaine at issue as crack cocaine instead of powder cocaine and that he did not knowingly plead guilty to possession of crack cocaine. These claims are without merit.

Jones asserts his attorney should have argued for sentencing under the provisions of § 841(b)(1)(C), which does not specify a minimum sentence, even though the passage states that it applies to cases not provided for in subparagraphs (A), (B) and (D). Jones was charged with possession of an amount of cocaine base described under § 841(b)(1)(B). Jones mistakenly believes that§ 841(b)(1)(C) is an independent provision under which he could have been sentenced and under which the Guidelines would not apply. Thus, Jones did not receive ineffective assistance of counsel.

As to whether Jones knowingly pled guilty to possession of crack cocaine, the record is replete with statements that Jones was charged with possession of crack cocaine and that his guilty plea was to the possession of crack cocaine. Jones agreed that the facts as read by the

3

Government in court prior to his guilty plea were true, including that the cocaine recovered from Jones was crack cocaine. The words "crack" or "crack cocaine" appear in the criminal complaint, the indictment, the court order committing Jones to the custody of the Attorney General, and the arrest warrant. Jones has presented no evidence that there was confusion about the type of cocaine involved in this case, no evidence supporting his claim that his plea was not knowing and voluntary, and no evidence that counsel made any error based on a mischaracterization of the cocaine. Jones' guilty plea and his waiver of his appellate rights were the result of a knowing and intelligent decision.

The last two issues, that Congress exceeded its power by creating a separate penalty for offenses related to crack cocaine as opposed to powder cocaine, and that the district court erred in refusing to depart from the guidelines, are foreclosed by Jones' voluntary waiver of his right to challenge his sentence directly or collaterally in his plea agreement. See Wiggins, 905 F.2d at 53.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Jones' conviction and sentence. This Court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4